# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# CLARKSBURG

**ARTWORKS, LLC,** a West Virginia Limited Liability Company, **LOTUS MACDOWELL,**

      Plaintiffs,

v.                                                                                   CIVIL ACTION NO. 1:20-cv-65
                                                                                                                    (BAILEY)

**HARTFORD CASUALTY INSURANCE COMPANY,** an Indiana Insurance Company, **HARTFORD INSURANCE COMPANY OF THE MIDWEST,** an Indiana Insurance Company, **SENTINEL INSURANCE COMPANY, LTD,** A Connecticut Insurance Company, **MELISSA FEATHER/ LINDSTEDT,** an Individual and South Carolina Resident, **SAM LANDIS**, an Individual and West Virginia Resident**,**

      Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING
## <u>PLAINTIFFS' MOTION TO REMAND</u>

      Currently pending before this Court is Plaintiffs' Motion to Remand Action to State Court [Doc. 16], filed April 23, 2020.  The Motion has been fully briefed and is now ripe for decision.  Having reviewed the record and considered the arguments of the parties, this Court concludes that the motion to remand should be granted.

1

**BACKGROUND**

This case arises out of a dispute over insurance coverage.  Plaintiff Artworks, LLC ("Artworks") is a West Virginia business formerly based in Bridgeport, West Virginia at 601 S. Virginia Avenue ("the Insured Property"), and plaintiff MacDowell is the founder and owner of Artworks.  [Doc. 1-1 at 1-2].  Defendants in this case are the insurers of that property and individuals who were employed by the insurers.  Id. at 2.  According to the Complaint, the Insured Property was affected by a catastrophic fire on October 3, 2019, resulting in a total loss.  Id. at 3.  In the days following the fire, the Complaint alleges that defendants acknowledged the insured property was a complete and total loss.  Id. at 4.  However, on November 7, 2019, defendants began to suggest that the Insured Property had only a partial loss, which would result in a reduced amount payable to plaintiffs.  Id. at 3, 5.

On March 3, 2020, plaintiffs filed their Complaint in the Circuit Court of Harrison County, West Virginia.  There, plaintiffs assert five causes of action.  First, plaintiffs claim bad faith against all defendants, arguing defendants unreasonably failed to promptly resolve this insurance claim. [Doc. 1-1 at 7-8].  Second, plaintiffs claim breach of contract against all defendants for the same conduct.  Id. at 9.  Third, plaintiffs claim constructive fraud against all defendants, alleging that defendants have violated "a substantial public policy prohibiting insurers from deceiving, oppressing, and/or taking unfair advantage of policy holders."  Id. at 10.  Fourth, plaintiffs claim intentional or reckless infliction of emotional distress against all defendants, relying on the same conduct.  Id. at 10-11.  Finally, plaintiffs claim vicarious liability against defendants Hartford Casualty Insurance Company, Hartford Insurance Company of the Midwest, and Sentinel Insurance Company

LTD ("Sentinel").  Id. at 11.

On April 9, 2020, all defendants except defendant Landis filed a Notice of Removal, removing this case to this Court on the basis of diversity jurisdiction. [Doc. 1].  In their notice of removal, defendants do not dispute that defendant Landis is a West Virginia resident, but assert that he has been fraudulently joined as a party to this action.  Id. at 4. On April 23, 2020, plaintiffs filed their motion to remand.  There, they argue that Mr. Landis' inclusion in the case prevents complete diversity of the parties and that Landis has not been fraudulently joined. [Doc. 16].  Specifically, they point to the Complaint's allegations that defendant Landis "was an insurance adjuster/insurance investigator actively involved in the adjustment/investigation of the fire loss at issue in this litigation."  Id. at 8.  They claim they have sufficiently alleged that defendant Landis was "actively involved in the improper and unlawful insurance activity–among others, the bad faith denial of Plaintiffs' valid insurance claim."  Id. at 10.

Defendants have collectively filed two responses to the motion.  First, defendants Sentinel and Melissa Feather filed a response on May 7, 2020.  There, they point out that the only allegation in the Complaint relating to Landis is that he is a West Virginia resident and was employed or contracted by defendants to adjust or investigate insurance claims. [Doc. 19 at 2].  Defendants argue that plaintiffs cannot establish a cause of action against Landis.  First, as to counts I and II of the Complaint, statutory bad faith and breach of contract, respectively, such claims cannot survive against defendant Landis since it is not alleged that Landis was party to the insurance contract.  Id. at 7-8.  Second, as to the constructive fraud claim, defendants argue that "Plaintiffs have not alleged that Defendant Landis deceived them, injured their public interests, or *even had conversations with them*

3

*regarding the subject fire or the allegations in this lawsuit*." Id. at 9-10. Third, as to the intentional or reckless infliction of emotional distress claim, they argue plaintiffs' Complaint fails to make specific allegations regarding defendant Landis' conduct. Id. at 10. Finally, defendants address the vicarious liability claim, which although not including defendant Landis, specifically mentions him. They argue that there was no employment relationship between Sentinel and Landis, and as such plaintiffs cannot assert respondeat superior liability. Id. at 10-11.

The same day, defendant Landis filed a memorandum in opposition to the Motion to Remand. [Doc. 20]. In it, defendant Landis argues that plaintiffs cannot state a claim against him. First, Landis argues plaintiffs cannot state a claim under the West Virginia Unfair Trade Practices Act because Landis is not an insurance adjuster. Id. at 2. Second, he argues plaintiffs cannot make a claim against him for breach of contract because he was not a party to a contract with plaintiffs. Id. at 8. Third, Landis argues the constructive fraud claim fails because "they fail to plead any misleading statements made by Mr. Landis or any reliance on any misleading statements."  Id. at 9-10. Finally, Landis argus that plaintiffs cannot state a claim for intentional or reckless infliction of emotional distress because they have not plead extreme and outrageous conduct. Id. at 11-12.

On May 13, 2020, plaintiffs filed their reply. [Doc. 21]. First, the plaintiffs take issue with defendants' citation of a Southern District case, **Benson v. Continental Insurance Co.**, 120 F.Supp.2d 593 (S.D. W.Va. 2000), arguing that it has been criticized by other cases in that district and conflicts with earlier decisions by this Court. [Doc. 21 at 5-8]. Next, plaintiffs argue the Motion to Remand should be granted because they have asserted a viable claim of constructive fraud against defendant Landis; they contend they have

alleged specific facts which plead a valid constructive fraud claim. Id. at 9. Finally, they contend that defendant Landis' affidavit asserts facts conflicting with allegations in the Complaint, and at the Motion to Remand stage these factual disputes must be resolved in favor of the plaintiffs. Id. at 11.

## LEGAL STANDARD

"We begin with the undergirding principle that federal courts, unlike most state courts, are courts of limited jurisdiction, created by Congress with specified jurisdictional requirements and limitations. Accordingly, a party seeking to adjudicate a matter in federal court must allege and, when challenged, must demonstrate the federal court's jurisdiction over the matter. If a plaintiff files suit in state court and the defendant seeks to adjudicate the matter in federal court through removal, it is the defendant who carries the burden of alleging in his notice of removal and, if challenged, demonstrating the court's jurisdiction over the matter." **Strawn v. AT&T Mobility**, 530 F.3d 293, 296 (4th Cir. 2008) (citations omitted).

Federal courts "are obliged to construe removal jurisdiction strictly because of the 'significant federalism concerns implicated.' Therefore, 'if federal jurisdiction is doubtful, a remand to state court is necessary.'" **Maryland Stadium Auth. v. Ellerbe Becket Inc.**, 407 F.3d 255, 260 (4th Cir. 2005) (quoting **Mulcahey v. Columbia Organic Chems. Co.**, 29 F.3d 148, 151 (4th Cir. 1994)); see also **Healy v. Ratta**, 292 U.S. 263, 270 (1934) ("Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined.").

Defendants seeking removal bear the burden of demonstrating that jurisdiction is proper. See **Strawn**, 530 F.3d at 296–97. "While a defendant filing a notice of removal under 28 U.S.C. § 1446(a) need only *allege* federal jurisdiction in a short plain statement—just as federal jurisdiction is pleaded in a complaint—when removal is challenged, the removing party bears the burden of *demonstrating* that removal jurisdiction is proper." **Id**. at 297 (citing **Ellenburg v. Spartan Motors Chassis, Inc.**, 519 F.3d 192, 200 (4th Cir. 2008)); *see also* **Dart Cherokee Basin Operating Co. v. Owens**, 574 U.S. 81, 88-89 (2014) (when challenged, defendant must show that removal is proper by preponderance of the evidence).

## DISCUSSION

From a review of the Notice of Removal and the Motion to Remand, it is undisputed that plaintiffs and defendant Landis are all West Virginia citizens, that the other defendants are not West Virginia citizens, and that the amount in controversy exceeds $75,000. Accordingly, the question of whether to remand this case to the Circuit Court of Harrison County rests on whether defendant Landis has been fraudulently joined to this action. Upon review, this Court finds that he has not and that the case should therefore be remanded.

The doctrine of fraudulent joinder "permits a district court to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." **Mayes v. Rapoport**, 198 F.3d 457, 461 (4th Cir. 1999) (citing **Marshall v. Manville Sales Corp.**, 6 F.3d 229, 232–33 (4th Cir.1993); **Cobb v. Delta Exports, Inc.**, 186 F.3d 675, 677

(5th Cir.1999)).  Defendants claiming fraudulent joinder must meet a heavy burden.  "In order to establish that a nondiverse defendant has been fraudulently joined, the removing party must establish either: [t]hat there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or [t]hat there has been outright fraud in the plaintiff's pleading of jurisdictional facts." **Marshall**, 6 F.3d at 232 (citation and quotations omitted).  This "no possibility" standard means the Court resolves "all issues of fact and law in the plaintiff's favor."  *Id.* at 233.

Here, plaintiffs allege, among other things, constructive fraud against defendant Landis.  They allege that Landis, while working as an insurance adjuster or investigator for defedants Hartford Casualty, Hartford Midwest, and Sentinel, was a participant in the wrongful denial of plaintiffs' insurance claims.  Although defendants dispute plaintiffs' allegations, including as to Landis' employment, such factual disputes at this stage must be resolved in favor of the plaintiffs.

Plaintiffs' theory for constructive fraud is based on their argument that it can be asserted because of West Virginia's public policy prohibiting insurers from taking unfair advantage of policy holders. [Doc. 1-1 at 8].  "[C]onstructive fraud is generally reserved for those cases where a fiduciary relationship exists between the parties or the fraud violates an important public policy concern."  **White v. Nat'l Steel Corp.**, 938 F.2d 474, 489 (4th Cir. 1991) (citation omitted).  Although defendants argue that this claim must fail because plaintiffs have not alleged any misleading statements on the part of Landis, such statements are not a prerequisite for pleading constructive fraud; indeed, "[c]onstructive fraud does not require proof of fraudulent intent." **Stanley v. Sewell Coal Co.**, 169 W.Va.

72, 77, 285 S.E.2d 679, 683 (1981). Accordingly, this Court finds that plaintiffs could possibly establish a cause of action for constructive fraud against defendant Landis. As such, defendant Landis is not fraudulently joined, there is not complete diversity between the parties, and this Court lacks subject-matter jurisdiction and must remand the case to state court.

## CONCLUSION

For the aforementioned reasons, Plaintiff's Motion to Remand Action to State Court **[Doc. 16]** is hereby **GRANTED** and the Court hereby **REMANDS** this case to the Circuit Court of Harrison County, West Virginia. As such, Hartford Casualty Insurance Company's and Hartford Insurance Company of the Midwest's Motion to Dismiss **[Doc. 2]**, the Motion to Dismiss of Sam Landis **[Doc. 5]**, Defendant Melissa Feather's Motion for Partial Dismissal **[Doc. 11]**, and the Motion to Bifurcate and Stay **[Doc. 13]** are all hereby **DENIED AS MOOT**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein and to the Clerk of the Circuit Court of Harrison County, West Virginia.

**DATED**: May 27, 2020.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE